Case 1:15-cr-20265-JEM Document 1 Entered on FLSD Docket 04/16/2015 Page 1 of 10

Filed by ____ D.C.

Apr 16, 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. –MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **15-20265-CR-MARTINEZ/GOODMAN**

18 U.S.C. § 1349
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)(1)(C)

UNITED STATES OF AMERICA,

v.

**ROSETTA LATRICIA TOOKS and
JEFFREY JOSEPH,**

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

1. Beginning in or around June 2013, through in or around March 2015, the exact dates being unknown, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROSETTA LATRICIA TOOKS and
JEFFREY JOSEPH,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury, to knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false

and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations and promises were false and fraudulent when made, and transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

2. It was the object of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by obtaining money from the United States by making materially false and fraudulent representations in connection with electronically filed benefit claims with the United States Social Security Administration by, among other things: (a) submitting benefit claims to the United States Social Security Administration on behalf of individuals whose identities had been stolen and who had not authorized the submissions for benefit claims; and (b) submitting instructions to the United States Social Security Administration to redirect the payment of benefits on behalf of individuals whose identities had been stolen and who had not authorized the redirection of their benefits.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy, included, among others, the following:

3. Co-conspirators obtained stolen personal identity information of numerous individuals including names, dates of birth, and social security numbers.

4. Using the stolen personal identity information, co-conspirators submitted false and fraudulent claims for Social Security benefits by applying for benefits on behalf of eligible individuals without their authorization using the iClaim system on the Social Security website.

Co-conspirators would also misappropriate the social security payments of existing Social Security beneficiaries by creating accounts for the beneficiaries on the MySSA system on the Social Security website which accounts the co-conspirators controlled. By controlling the electronic Social Security accounts for claimants, the co-conspirators were able to redirect benefit payments using the Social Security website by issuing instructions from locations inside the State of Florida to United States Social Security Administration processing centers outside the State of Florida.

5. Co-conspirators directed the newly claimed and redirected benefits into bank accounts controlled by them and caused benefit payments to be paid into those accounts by wire across state lines.

6. Co-conspirators directed fraudulently claimed Social Security benefit payments in the name of stolen identity victim "T.B." into a Citibank account in the name of **ROSETTA LATRICIA TOOKS**.

7. **ROSETTA LATRICIA TOOKS** presented a fraudulent power of attorney to Citibank on behalf of stolen identity victim "T.B." as justification for the receipt of Social Security benefit payments in the name of stolen identity victim "T.B."

8. **ROSETTA LATRICIA TOOKS** and **JEFFREY JOSEPH** withdrew cash from the Citibank account opened in the name of **TOOKS**.

9. Co-conspirators directed fraudulently claimed Social Security benefit payments in the name of stolen identity victim "N.Z." into a B of I Federal Bank account in the name of **ROSETTA LATRICIA TOOKS**.

10. Using an automated teller machine, **JEFFREY JOSEPH** withdrew cash from the B of I Federal Bank account opened in the name of **ROSETTA LATRICIA TOOKS**.

3

11. Co-conspirators directed fraudulently claimed Social Security benefit payments in the name of stolen identity victim "J.B." into a GE Capital Bank account fraudulently opened in the name of stolen identity victim "J.B."

12. Using an automated teller machine, **JEFFREY JOSEPH** withdrew cash from the GE Capital Bank account in the name of stolen identity victim, "J.B."

13. Co-conspirators directed fraudulently claimed Social Security benefit payments in the name of stolen identity victim "J.D." into a Wells Fargo Bank account.

14. Using an automated teller machine, **JEFFREY JOSEPH** withdrew cash from the Wells Fargo Bank account.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2

Beginning on or about June 18, 2013, through on or about November 9, 2013, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROSETTA LATRICIA TOOKS and**
**JEFFREY JOSEPH,**

did knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices, that is, social security numbers and debit card numbers issued to other persons, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

4

## COUNT 3

Beginning on or about March 19, 2014, through on or about March 18, 2015, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ROSETTA LATRICIA TOOKS and
JEFFREY JOSEPH,**

did knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices, that is, social security numbers and debit card numbers issued to other persons, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 4

On or about August 30, 2013, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**JEFFREY JOSEPH,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), that is, knowingly, and with intent to defraud, trafficking in and using one or more unauthorized access devices, that is, social security numbers and debit card numbers issued to other persons, during any one-year period, and by such conduct obtaining anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, as charged in Count 2, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, Debit Card Number XXXX-XXXX-XXXX-3660, issued to "J.B.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 5

On or about January 14, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ROSETTA LATRICIA TOOKS,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), that is, knowingly, and with intent to defraud, trafficking in and using one or more unauthorized access devices, that is, social security numbers and debit card numbers issued to other persons, during any one-year period, and by such conduct obtaining anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, as charged in Count 3, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, the name of "T.B.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **ROSETTA LATRICIA TOOKS** and **JEFFREY JOSEPH,** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1029, as alleged in this Indictment, the following property will be forfeited to the United States:

(a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and

(b) any personal property used or intended to be used to commit such violation, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B) and 1029(c)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
FRANCISCO R. MADERAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ROSETTA LATRICIA TOOKS and
JEFFREY JOSEPH,

                    **Defendants.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| X  Miami | ___ Key West | |
| ___ FTL  | ___ WPB | ___ FTP |

New Defendant(s)    Yes ___  No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect

4. This case will take  **5**  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I   | 0 to 5 days    | X |
   | II  | 6 to 10 days   | ___ |
   | III | 11 to 20 days  | ___ |
   | IV  | 21 to 60 days  | ___ |
   | V   | 61 days and over | ___ |

   (Check only one)

   | | |
   |---|---|
   | Petty   | ___ |
   | Minor   | ___ |
   | Misdem. | ___ |
   | Felony  | X |

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  X  No

                                                                _____
                                                                Francisco R. Maderal
                                                                ASSISTANT UNITED STATES ATTORNEY
                                                                Florida Bar No. 0041481

*Penalty Sheet(s) attached                                                                       REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ROSETTA LATRICIA TOOKS

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2-3

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)

**\*Max. Penalty:** 10 Years' Imprisonment

Count #: 5

Aggravated Identity Theft

Title 18, United States Code, Section 1028A

**\*Max. Penalty:** 2 Years' Imprisonment (Consecutive to Any Other Sentence)

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** JEFFREY JOSEPH

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2-3

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)

**\*Max. Penalty:** 10 Years' Imprisonment

Count #: 4

Aggravated Identity Theft

Title 18, United States Code, Section 1028A

**\*Max. Penalty:** 2 Years' Imprisonment (Consecutive to Any Other Sentence)

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**